IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                    No. CR 14-4218 JB

QUINCY CORIZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on whether the Court should apply a 5-level enhancement for a pattern of activity involving prohibited sexual conduct to Defendant Quincy Coriz' sentence pursuant to United States Sentencing Guideline ("U.S.S.G.") § 4B1.5. The Plaintiff United States of America objects to the application of the enhancement, on the grounds that it would have been difficult to establish a pattern of conduct at trial. See United States Sentencing Memorandum, filed September 23, 2015, at 1-2 (Doc. 26). Because the Court concludes that Coriz engaged in a pattern of activity involving prohibited sexual contact with the victim K.C., the Court overrules the United States' Objection.

**I.     A PATTERN OF ACTIVITY UNDER U.S.S.G. § 4B1.5'S 5-LEVEL ENHANCEMENT APPLIES.**

The Court must engage in a multistep interpretation of the United States Code and of the U.S.S.G. to assess whether it can apply the challenged 5-level enhancement to Coriz. As the first step, the Court turns to the text of U.S.S.G. § 4B1.5(b), which reads as follows:

> In any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving <u>prohibited sexual conduct</u>: (1) The offense level shall be **5** plus the offense level determined under Chapters Two and Three.

U.S.S.G. § 4B1.5(b)(first emphasis added)(second emphasis in the original).  As the second step, the Court turns to Application Note 4(a) for a definition of prohibited sexual conduct, which the Application Note clarifies as any offense that 18 U.S.C. § 2426(b)(1)(A) or 18 U.S.C. § 2426(b)(1)(B) lists.  As the third step, the Court turns to 18 U.S.C. §2426(b)(1)(A) and finds that it covers those offenses listed under Chapter 109A.  As a fourth step, the Court consults 18 U.S.C. § 2244 -- a section within Chapter 109A -- and finds that it includes "abusive sexual contact," i.e. sexual contact in which the defendant knowingly engaged that would violate 18 U.S.C. § 2243(a) had the sexual contact been a sexual act.  As a fifth and final step, the Court turns to 18 U.S.C. § 2243(a)(1), which it finds to include offenses where offenders knowingly engage in a sexual act with another person between twelve years and sixteen years of age.

Coriz admits to having "knowingly engaged in and attempted to engage in" multiple sexual acts with K.C.  Plea Agreement, filed May 7, 2015, at 3-4 (Doc. 20).  Working backward through the concatenation of code provisions in the previous paragraph, this admission means that Coriz engaged in "abusive sexual contact" that is "prohibited sexual conduct" for the purposes of U.S.S.G § 4B1.5(b).  The challenged 5-level enhancement, therefore, applies to Coriz if Coriz engaged in a "pattern of activity" involving this conduct.  Application Note 4(B)(i) to U.S.S.G. § 4B1.5(b) clarifies that such a "pattern of activity" exists whenever a defendant engages in prohibited sexual conduct on at least two separate occasions.  Coriz' multiple sexual acts with K.C. thus constitute a pattern of activity.

II.     **THE COURT OVERRULES THE UNITED STATES' OBJECTION TO APPLICATION OF U.S.S.G.'S 5-LEVEL ENHANCEMENT.**

The United States objects to a 5-level enhancement to the guideline calculations for Coriz based on its belief that "establishing the pattern of conduct would have proved to have been

extremely difficult at trial." United States Sentencing Memorandum at 1. This really may be. In determining relevant facts, however, sentencing judges are not restricted to information that would be admissible at trial. See 18 U.S.C. § 3661. Any information may be considered, so long as it has sufficient indicia of reliability to support its probable accuracy. See United States v. Watts, 519 U.S. 148, 157 (1997). See also Nichols v. United States, 511 U.S. 738, 748 (1994). Furthermore, whereas the evidentiary standard of proof at trial is "beyond a reasonable doubt," the standard for the application of guidelines stands at the lower level of "preponderance of the evidence." United States v. Schmidt, 353 F. App'x 132, 135 (10th Cir. 2009)(unpublished).

Applying this preponderance of the evidence standard, the Court finds that Defendant Coriz engaged in a pattern of activity that involved prohibited sexual conduct with the victim. The Presentence Report states that K.C. reported that sexual contact occurred on three occasions and that Coriz admitted to committing an unwanted sexual act against K.C. on two occasions. See Presentence Investigation Report, filed August 10, 2015, at 11. No matter whether the prohibited acts occurred on two occasions or on three occasions, the acts constitute a "pattern of activity" subject to the 5-level enhancement under U.S.S.G. § 4B1.5. Further, K.C. was between twelve years and sixteen years of age at the time of the offense. See Plea Agreement at 3. Based upon this information and the preponderance of the evidence standard, the Court overrules the United States' objection to the application of the 5-level § 4B1.5 enhancement.

**IT IS ORDERED** that Plaintiff United States of America's objection to the Presentence Investigation Report, filed August 10, 2015, noted in Addendum to the Presentence Report, filed September 23, 2015, at 1 (Doc. 26), is overruled.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
  United States Attorney
David Adams
  Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Devon Fooks
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*